**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**


| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | Case No. 19-cr-1554-M |
| **v.** | : | |
| | : | |
| **TIMOTHY WOLL** | : | |
| _____ | : | |

## MEMORANDUM

On September 13, 2019, the Government submitted an oral appeal to the Order Setting

Conditions of Release that Magistrate Judge Rice entered earlier that day (ECF No. 6).

Following oral argument, this Court reversed that decision and ordered Defendant Timothy Woll

detained pending trial in this action.  This Memorandum provides the written findings of fact and

conclusions of law explaining that decision.

## FACTUAL BACKGROUND

On September 10, 2019, the Government filed a Criminal Complaint against Woll (ECF

No. 1.)  The Government's submission includes an affidavit from Special Agent Christopher

Duncanson of the Federal Bureau of Investigation, which supplies much of the factual

background here.

At the time of his arrest, Woll lived alone in Sinking Spring, Pennsylvania.  He was a

Lieutenant with the Cumru Township Police Department, where his duties included maintaining

and, where appropriate, disposing of evidence, including electronic evidence.

On March 14, 2019, Woll spoke with Special Agent Duncanson and Special Agent

Thomas Neeson at the Cumru Township Police Department.  During that conversation, Woll

offered various explanations for the presence of child pornography on his work-issued laptop and

in his Microsoft OneDrive account.  Woll stated during that interview that, in early February

2019, he learned that Microsoft had disabled his OneDrive account on January 14, 2019. After learning that information, Woll ran an erasing program called "Eraser" on his home and work computers "to make sure they were clean." Over the next two weeks, Woll queried himself in a law enforcement database and learned that a Berks County detective had searched his name.

Woll was arrested on September 10, 2019. He was charged with Transportation of Child Pornography, in violation of 18 U.S.C. § 2252(a)(1), and Access with Intent to View Child Pornography, in violation of 18 U.S.C. § 2252(a)(4)(B). He had an initial appearance on September 11, 2019, and the Court entered an order of temporary detention. On September 13, 2019, the Government filed a Motion for Pretrial Detention. (ECF No. 3.) That same day, Magistrate Judge Rice entered an Order Setting Conditions of Release, which permitted Woll's release upon the payment of $75,000 cash bail and imposed various conditions, including 24-hour home confinement, electronic monitoring, and a prohibition on Woll having any computer or other electronic device. The Government filed an immediate, oral appeal to this Court.

## ANALYSIS

A District Judge reviews a Magistrate Judge's decision regarding bail *de novo*. *See United States v. Delker*, 757 F.2d 1390, 1394 (3d Cir. 1985). Generally, the Bail Reform Act requires a court to release a defendant on the lease restrictive condition or combination of conditions that will reasonably assure the defendant's appearance and the safety of the community. *See* 18 U.S.C. § 3142(c)(1)(B). However, pursuant to 18 U.S.C. § 3142(e)(3)(E), in cases involving a minor victim under Section 2252(a)(1), there is a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the appearance of the person as required. If the presumption applies, then a defendant must

produce countervailing evidence that forms the basis for his contention that he will appear and will not pose a threat to the community. *See U.S. v. Carbone*, 793 F.2d 559, 560 (3d Cir. 1986).

Here, there is a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community because Woll is charged with an offense involving a minor child under 18 U.S.C. § 2252(a)(1). *See* 18 U.S.C. § 3142(e)(3)(E). Woll offered little, if any, evidence at the hearing to rebut the presumption. He argued that conditions that allow the Government to track his movements and that remove the electronics from his home will protect the community. However, he did not demonstrate that the conditions that he suggested would actually prevent him from obtaining an electronic device, consuming more child pornography, or warning others who might be implicated in the investigation. The Court therefore concludes that Woll did not produce evidence to rebut the presumption.

Even if Woll had rebutted the presumption, the Court's conclusion would be the same because the Court concludes that the Government has proven by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of any other person and the community. In reaching that conclusion, the Court has considered the nature and circumstances of the offense charged, the weight of the evidence against Woll, Woll's history and characteristics, and the nature and seriousness of the danger to the community were Woll to be released. *See* 18 U.S.C. § 3142(g). Here, the nature of the offenses is troubling. Indeed, child pornography is an "insidious offense since it takes advantage of a particularly vulnerable segment of society, children." *U.S. v. Schenberger*, 498 F. Supp.2d 738, 743 (D.N.J. 2007) (citing *U.S. v. MacEwan*, 445 F.3d 237, 250 (3d Cir. 2006)). Moreover, "the mere existence of and traffic in child pornographic images creates the potential for many types of harm in the

community." *Id.* (same).  In addition, the circumstances of this particular crime are problematic because Woll was a police officer who abused a position of public trust.  He also has shown an instinct to obstruct justice and/or to interfere with the ongoing investigation by his attempts to erase evidence.

Under the circumstances, the Court lacks confidence that any conditions will prevent Woll from consuming pornographic material or from interfering with the ongoing investigation if he is released.  The ubiquitous nature of internet-connected electronic devices in today's society makes it almost impossible to monitor and enforce a condition that Woll have no access to electronic devices.  Visitors could bring him one, or he could acquire one while on the way to a doctor's appointment or even to or from an appointment with Pretrial Services.  Moreover, the evidence demonstrates that Woll is particularly technologically savvy thanks to his job—a savviness that he used when he ran the Eraser program.  He therefore poses a particular risk to the community at large if he is released.

## CONCLUSION

The Court is persuaded by the analysis in *Schenberger*, a case with substantially similar facts.  The Court has therefore ordered Woll detained.  An appropriate Order follows.

Hon. Joshua D. Wolson
United States District Judge